UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION ONLY

PAUL WALTON,

         Petitioner,

- versus -

WARDEN, ANNA M. KROSS CENTER,

         Respondent.

MEMORANDUM AND ORDER

15-CV-2384 (JG)

JOHN GLEESON, United States District Judge:

    On April 24, 2015, petitioner Paul Walton, appearing *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 dated April 20, 2015. However, Walton failed to pay the filing fee of $5 or request to proceed *in forma pauperis* (IFP). On April 28, 2015, the Clerk's Office sent Walton a letter directing him to either pay the fee or request IFP status within 14 days from the date of the letter in order to proceed with the petition. Over two months have elapsed and Walton has not responded to the Clerk's Office letter. On June 2, 2015, the mail was returned as undeliverable.

    It is Walton's obligation to notify the Court of a change of address, and to date he has not. *See Concepcion v. Ross,* No. 92-CV-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 28, 1997). This rule applies to *pro se* parties, as well as represented parties. *See id.* A *pro se* litigant's failure to provide the Court with notice of a change of address warrants dismissal without prejudice. *See Burney v. Rivera*, No. 12-CV-4962 (NGG)(LB), 2014 WL 2123087, at *2 (E.D.N.Y. May 21, 2014) (citing cases).

    Furthermore, it is clear from its face that this habeas petition is likely premature (in addition to being barely legible). In order to bring a petition for a writ of habeas corpus, a

1

petitioner must first exhaust the remedies available in the state court or show that "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii). To meet the exhaustion requirement, claims must be presented to the highest state court before a federal court may consider the petition. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Daye v. Attorney General*, 696 F.2d 186, 190-92 (2d Cir. 1982). Here, there is no indication that Walton has exhausted his state court remedies.

Accordingly, Walton's petition for a writ of habeas corpus is dismissed without prejudice. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purposes of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson
United States District Judge

Dated: Brooklyn, New York
July 5, 2015